**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MUNIR J. RASDAN,** ) | **CASE NO. 5:07 CV 1873** |
| ) | |
| **PLAINTIFF** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| v. ) | |
| ) | |
| **ALBERTO GONZALEZ,** *et. al.,* ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| **DEFENDANTS** ) | |

This matter is before the Court upon Respondents' Motion for Summary Judgment. (Dkt. #12) For reasons that follow, said motion is **GRANTED**.

**I.   BACKGROUND**

    **A.   Facts**

As set forth in Rasdan's Petition for *De Novo* Review of Administrative Naturalization Denial ("Petition"), Rasdan is a native of Jordan and currently resides in Canton, Ohio. Rasdan was granted permanent residence in the United States in 1991. On July 7th, 1995, Rasdan was found guilty of engaging in a pattern of corrupt activity

and was sentenced to not less than two and not more than fifteen years at the Lorain Correctional Institution in Grafton, Ohio. (Dkt # 12, Exhibit 1).

In 2004, Rasdan filed an N-400 Application for Naturalization ("Application") with the United States Citizenship and Immigration Service ("USCIS").  USCIS denied Rasdan's application for citizenship based on his 1995 criminal conviction.  Thereafter, Rasdan requested, and was granted, a hearing on the denial of the application.  The hearing took place on December 19, 2006. (Dkt # 12, Exhibit 2).  Upon review, the application for naturalization was formally denied on February 26, 2007.

Rasdan's application was denied because he failed to satisfy INA § 316(a)(3) which requires that an applicant for naturalization "during all the periods referred to in this subsection has been and still is a person of good moral character."  Pursuant to INA § 101(f)(8), an applicant is not considered to be "of good moral character" if he or she has "at any time been convicted of an aggravated felony."  At the time Rasdan applied for, and was denied, naturalization, an aggravated felony was defined as "a theft offense... for which the term of imprisonment is at least one year."  8 U.S.C. § 1101(a)(43)(G).  Thus, Rasdan's conviction in 1995 of engaging in a pattern of corrupt activity does not permit him to meet the "good moral character" requirements of INA § 316(a)(3).

### B. Procedural History

Rasdan has exhausted all of his administrative appeals and filed his Petition with this Court on June 22, 2007, asserting that the denial of his Application violates his right to Equal Protection under the Fifth Amendment. Rasdan further argues that USCIS impermissibly denied his application for naturalization based on an aggravated felony conviction that occurred more than five years before his filing of the naturalization application.

Respondents filed a Motion for Summary Judgment on January 1, 2008, arguing that: (1) the Immigration Act does not violate Rasdan's Equal Protection Rights because any applicant convicted of an aggravated felony is precluded under 8 U.S.C. §1101(f)(8) from establishing good moral character, regardless of when the conviction occurred; and (2) USCIS correctly determined that Rasdan's conviction made him ineligible for naturalization because an applicant who has been convicted of an aggravated felony is precluded from establishing good moral character.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ P. 56(c). The court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-

moving party." Little v. BP Exploration & Oil Co., 265 F.3d 357, 361 (6th Cir. 2001). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 556-57 n.7 (6th Cir. 2000). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. "A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56 (c)). For a dispute to be genuine, the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

  **B.**  **Equal Protection**

Rasdan asserts that the denial of his petition for naturalization violated his Fifth Amendment Equal Protection Rights. Rasdan's theory is as follows. In 1990, 8 U.S.C. § 1101(f)(8) was amended to bar applicants convicted of an aggravated felony from showing good moral character. At the time, an aggravated felony was defined as a theft

4

offense punishable by five or more years in prison.  See 8 U.S.C. § 1101(a)(43)(G) (1994).  In 1996, 8 U.S.C. § 1101(f)(8) was amended to make a theft offense punishable by one or more years an aggravated felony.  Congress also made 8 U.S.C. § 1101(f)(8) retroactive, so that an applicant who "at any time" had been convicted of an aggravated felony was no longer able to demonstrate the good moral character required by 8 U.S.C. § 1101(a)(3).  The Code of Federal Regulations, however, makes the new aggravated felony definition only retroactive back to 1990 (the year that 8 U.S.C. § 1101(f)(8) was amended).

As a result of this statutory scheme, an applicant who committed a theft offense punishable by one year in prison prior to 1990 and applied for naturalization prior to 1996 would be considered of good moral character.  Similarly, an applicant who committed a theft offense punishable by one year in prison after 1990, but who applied for naturalization prior to 1996 would be considered of good moral character.  The same is true for an applicant who committed a theft offense punishable by one year in prison prior to 1990 but who applied for naturalization after 1996; as the changes were only retroactive to 1990 and therefore aggravated felonies committed before 1990 do not bar an applicant from demonstrating good moral character.  An applicant like Rasdan, however, who committed a theft offense punishable by more than one year in prison after 1990, but who applied for naturalization after 1996, cannot demonstrate good moral character.  See Barragan v. Chertoff, No. 06-623, 2007 U.S. Dist. LEXIS 52814, at *2 (S.D.N.Y. July 20, 2007).

As an initial matter, the Court notes that Congress intended that the aggravated felony definitions would apply retroactively to bar persons convicted of those crimes from establishing the good moral character necessary for naturalization.  Statutes should be retroactively applied when the statute at issue clearly indicates that it is intended to be retroactive. INS v. St. Cyr, 533 U.S. 289, 318-319 (2002) (citing Landgraf v. USI Film Products, 511 U.S. 244, 270 (1994)).  The statute provides that an applicant who "at any time" has been convicted of an aggravated felony is barred from demonstrating good moral character.  8 U.S.C. § 1101(a)(43)(G).  Because Section 1101(f)(8) incorporates Section 1101(a)(43)(G) by reference, it is clear that Congress intended the aggravated felony definitions to apply retroactively and thus prohibit persons convicted of the enumerated crimes from establishing good moral character.  See Also Chan v. Ganter, 464 F. 3d 289, 293 (2nd Cir. 2006) ("[A]n applicant convicted of an aggravated felony is precluded under 8 U.S.C. § 1101(f)(8) from establishing good moral character regardless of when the conviction occurred").

To demonstrate that the retroactive statute violates equal protection, Rasdan must "show that the government regulation is arbitrary and/or unreasonable." Almario v. Attorney General, 872 F.2d 147, 152 (6th Cir.1989) (holding that immigration statutes must be upheld so long as they were "conceivably related to the achievement of a federal interest.").  Assuring that naturalized citizens are of good moral character is a legitimate government interest.  "Thus, treating applicants for naturalization differently

based on the date on which they were convicted of a crime is clearly rationally related to this interest: applicants whose crimes are further in the past are more likely to be of good moral character than more recent violators." Barragan v. Chertoff, No. 06-623, 2007 U.S. Dist. LEXIS 52814, at *8 (S.D.N.Y. July 20, 2007). Congress enacted 8 U.S.C. § 1011(a)(43)(G) to ensure the moral integrity of naturalized citizens and t protect the population from potentially dangerous convicted felons. Therefore, this Court must uphold the constitutionality of 8 U.S.C. § 1101 (a)(43)(G) and §1101(f)(8) on the basis that it is "conceivably related to a legitimate federal interest" even if the Petitioner establishes that it interferes with their property interest in naturalization. See Bangura v. Hansen, 434 F.3d 487, 495 (6th Cir. 2006).

### C. USCIS Permissibly Considered Rasdan's 1995 Aggravated Felony Conviction

Rasdan asserts that consideration of his aggravated felony conviction in 1995 was impermissible because 8 C.F.R §316.10 (a) (2) requires that the USCIS only look at the alien's record for a period greater than five years if the alien's conduct during the statutory period did not reflect a reform of character from an earlier period. As Rasdan's conduct during the five-year period preceding his naturalization application in 2004 did not include a single crimination violation, he argues that USCIS should not have considered his prior conviction.

8 C.F.R. § 316.10(a)(2), which clearly states in relevant part:

> The [USCIS] is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the

>application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to the period, if the conduct of the applicant during the statutory period does not reflect that there has been reform of character from an earlier period *or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.*

Id. (emphasis added).  Even if USCIS would not normally view an applicant's conduct beyond the five years preceding his filing of the application, USCIS is not barred from examining beyond the five year period so long as doing so appears relevant to a determination of Rasdan's present moral character.

Furthermore, the language of 8 U.S.C. § 1101 (f) (8) clearly expresses the intention of Congress through the INA in 1990 and the IRIRA in 1996, to consider an alien's conviction for an aggravated felony "at any time" relevant to a determination of good moral character. While it is possible that Rasdan's conduct may reflect a reform of character since his conviction in 1995, USCIS was not precluded from determining that his earlier conduct appears relevant to a determination of his present moral character under 8 C.F.R. § 316.10(a)(2). Therefore, the Petition fails to state a cognizable Equal Protection violation, and Rasdan cannot demonstrate that USCIS violated its duty to perform a fair and proper administrative naturalization.

### III.   CONCLUSION

For the forgoing reasons, the Court hereby orders that Defendant's Motion for Summary Judgment.  (Dkt. #12) is **GRANTED**.

**IT IS SO ORDERED.**

>**/s/** *Peter C. Economus* **– July 10, 2008**
>**PETER C. ECONOMUS**
>**UNITED STATES DISTRICT JUDGE**